UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SERAH S.,[1]

        Plaintiff,

     v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:22-cv-00849-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Serah S. seeks judicial review of the final decision by the Commissioner of

Social Security ("Commissioner") denying plaintiff's application for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–33, and

Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C.

§§ 1381–1383f.  This court has jurisdiction to review the Commissioner's final decision pursuant

to 42 U.S.C. § 405(g).  For the reasons set forth below, that decision is REVERSED and

REMANDED for further proceedings.

Plaintiff protectively filed for DIB and SSI on February 4, 2020, alleging disability

beginning on July 31, 2019. Tr. 196-204. Plaintiff requested a hearing before an Administrative

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of
plaintiff's last name.

Law Judge ("ALJ"), which took place on April 8, 2021. Tr. 29-53. At that hearing, plaintiff, who

was represented by counsel, and a vocational expert testified. The ALJ issued a decision on

March 26, 2021, finding plaintiff not disabled within the meaning of the Act. Tr. 10-24.

The Appeals Council denied plaintiff's request for review on May 2, 2022. Tr. 1-3.

Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this

court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper

legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C.

§ 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence

that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a

specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir.

2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not

substitute its judgment for that of the Commissioner when the evidence can reasonably support

either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

Instead, where the evidence is susceptible to more than one rational interpretation, the

Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from

the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see*

*also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 31, 2019, through her date last insured, December 31, 2024. Tr. 15. At step two, the ALJ determined plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, panic disorder with agoraphobia, social anxiety disorder, and major depressive disorder. Tr. 16. The ALJ found that, although plaintiff was diagnosed with fibromyalgia, her symptoms were non-severe. *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.* The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff has the ability to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she is limited to occasional climbing of ramps, stairs, ladders, ropes, or scaffolds. The claimant is limited to frequent stooping, kneeling, crouching, and crawling. The claimant is limited to occasional interaction with the general public, coworkers, and supervisors. She is limited to a work environment with few changes.

Tr. 18.

At step four, the ALJ found plaintiff was unable to perform any past relevant work. Tr. 22. However, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including day worker, cleaner of lab equipment, and laundry worker. Tr. 23. Thus, the ALJ concluded plaintiff was not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred by improperly discounting her subjective symptom testimony and improperly rejecting certain medical opinion testimony.

## I.    Subjective Symptom Testimony

### A.    Plaintiff's Testimony

Plaintiff worked as a dialysis technician until the birth of her fourth child in August 2019. Tr. 38, 40. After giving birth, plaintiff began experiencing "overwhelming" pain in her back and her joints. Tr 42. Over the course of the next two years, plaintiff's medical providers tried to ascertain the cause of her pain. Plaintiff met with a neurologist, and they ruled out multiple sclerosis. Tr. 1844. Another doctor found no evidence of carpel tunnel syndrome. Tr. 1842. An electrodiagnostic test ruled out nerve conduction. Tr. 1910. Finally, on March 10, 2021—just a month before her hearing before the ALJ—plaintiff was diagnosed with fibromyalgia. Tr. 1941 (chart notes indicating "[a]ll of [plaintiff's] chronic symptoms . . . can be explained by fibromyalgia. After [nerve conduction velocity] testing, serologic testing, and MRI of the brain, no evidence of an underlying autoimmune disease. Also, no evidence for an inflammatory arthritis or myositis on exam nor any finding consistent with a connective tissue disease. Based on the above, a diagnosis of fibromyalgia is confirmed."). Plaintiff was also diagnosed with a panic disorder with agoraphobia. Tr. 1934. She testified that most days she had too much fear and anxiety to leave the house. Tr. 43-44.

In her function report, plaintiff reported that she tries to help with the household cleaning, but if the pain is unbearable, she will lay down, and that she spends 80% of her day laying down. Tr. 238. She explained that her son helps with the sweeping and garbage, and she relies on her family for 95% of the household chores. Tr. 240. Her husband and mother-in-law provide care

for her children. Tr. 45. In his third-party function report, plaintiff's husband mirrored plaintiff's comments regarding her constant pain, and said plaintiff mostly helps with the "education/ homeschool" of the children. Tr. 260.[2]

### B.    Legal Standard and ALJ's Decision

When a claimant has medically documented impairments and no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-

---

[2] Plaintiff's husband completed the third-party function report in August 2020, and it is unclear from the record whether the children were always homeschooled or if he was referring to the homeschooling that occurred for the majority of families during the global pandemic.

(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7–8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, when coupled with another permissible reason, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r Soc.  Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197–98 (9th Cir. 2004)).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Here, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Tr. 21. However, the ALJ concluded that the "claimant's statements concerning the intensity, persistence and limited effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* Specifically, the ALJ found plaintiff's testimony inconsistent with her daily living activities and the objective medical record.

    **C.**    **ALJ's Specificity**

    Plaintiff first argues that the ALJ did not meet the requirements established in *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015), because she did not identify what testimony was not credible based on which specific evidence. "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

    In *Young v. Saul*, the Ninth Circuit rejected the plaintiff's argument that "by failing expressly to mention Young's assertion that his back pain created a need for him to take weeks off from work at a time, the ALJ thereby overlooked that testimony and failed to give reasons to discount it." 845 F. App'x 518, 519 (9th Cir. 2021). The Ninth Circuit recognized that "[t]he ALJ specifically cited Young's written statements and testimony as among the items he had 'carefully consider[ed],' and he gave specific reasons why he did not credit Young's claims concerning the 'limiting effects' of Young's symptoms, including his 'back and knee pain.'" *Id.* at 519–20. "The ALJ was not required to mention explicitly, in his ruling, each detail of Young's testimony, such as the need to take off weeks at a time from work." *Id.* at 520 (citing *Lambert*, 980 F.3d at 1277 ("Our cases do not require ALJs to perform a line-by-line exegesis of the

claimant's testimony. . . ."). Similarly, in *Cooper v. Kijakazi*, "the ALJ summarized Cooper's relevant testimony concerning her key asserted limitations and stated that he found 'these statements of extremely limited physical capacity inconsistent with the overall record.'" 2022 WL 1553170, at *1 (9th Cir. May 17, 2022). "The ALJ then explained the specific reasons upon which that conclusion was based." *Id.* The Ninth Circuit affirmed the denial of benefits, finding that, "although Cooper would have preferred a more granular point-by-point refutation of her testimony, '[o]ur cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits.'" *Id.* (quoting *Lambert*, 980 F.3d at 1277).

The same is true here. Although the ALJ's decision could have been clearer, the court is "able to reasonably discern the ALJ's path," and that is all that is required of the ALJ. *See Despinis v. Comm'r Soc. Sec. Admin.*, No. 2:16–cv–01373–HZ, 2017 WL 1927926, at *7 (D. Or. May 10, 2017) (citation omitted).

### D.    Daily Living Activities

The ALJ found that plaintiff's "described daily activities, [were] not [as] limited to the extent one would expect, given her complaints of disabling symptoms and limitations." Tr. 21. Specifically, the ALJ found that plaintiff's husband reported that she helped with the children's education and homeschooling, and that she reported performing household chores such as preparing meals, doing laundry, and going shopping at the store. *Id.*

An ALJ may invoke activities of daily living in the context of assessing symptom testimony to (1) illustrate a contradiction in previous testimony, or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff's ability to perform these minimal chores with her family's assistance is not

inconsistent with her reports of pain and need for rest. *See Cysewski v. Astrue*, 290 F. App'x 972, 974 (9th Cir. 2008) ("[T]he fact that [claimant] cared for the grandchildren does not necessarily undermine her testimony of the limiting impact of her symptoms."). The ALJ's reasoning was in error, as it is not supported by substantial evidence.

        **E.**       **Fibromyalgia**

Finally, plaintiff argues that the ALJ's conclusion that plaintiff's testimony was inconsistent with her medical record ignored her diagnosis of fibromyalgia and is therefore not supported by substantial evidence. The ALJ discounted plaintiff's testimony regarding the limitations of her pain because plaintiff "repeatedly had normal muscle strength, a normal range of motion, and a normal gait." Tr. 20.

Fibromyalgia is "a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue." *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). "What is unusual about the disease is that those suffering from it have muscle strength, sensory functions, and reflexes that are normal." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quotations omitted). The ALJ's sole reliance on plaintiff's normal muscle strength and gait as inconsistent with her testimony ignores plaintiff's medically diagnosed fibromyalgia and is, therefore, not a clear and convincing reasons supported by substantial evidence in the record.

**II.**     **Medical Opinion Evidence**

Plaintiff also argues the ALJ erred by finding the medical opinion of plaintiff's treating physician Dr. Logendran was not persuasive and finding the agency's medical opinions were persuasive.

A.      **Standard**

When evaluating medical opinion evidence for claims filed on or after March 27, 2017,

ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title

XVI claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to*

*Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017). Under these

regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most

"persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is

no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20

C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of

medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant,

(4) specialization, and (5) other factors, such as "evidence showing a medical source has

familiarity with the other evidence in the claim or an understanding of our disability program's

policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a),

(c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most

important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Supportability means the extent to which a medical source supports the medical opinion by

explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791–

92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a

medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical

sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain

how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a),

(b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7

(D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were

considered, as appropriate, including relationship with the claimant (length, purpose, and extent

of treatment relationship; frequency of examination); whether there is an examining relationship;

specialization; and other factors, such as familiarity with other evidence in the claim file or

understanding of the Social Security disability program's policies and evidentiary requirements."

*Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020).

However, ALJs are required to explain "how they considered other secondary medical factors

[if] they find that two or more medical opinions about the same issue are equally supported and

consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20

C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported

by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims

under our current rules have focused more on whether we sufficiently articulated the weight we

gave treating source opinions, rather than on whether substantial evidence supports our final

decision."); *see also* 42 U.S.C. § 405(g).

**B.    Analysis**

Dr. Logendran began seeing plaintiff in November 2019 and saw her 2-3 times a month

through March 2021. Dr. Logendran completed a medical function report for plaintiff on March

23, 2021. Tr. 1951-52. In the report, Dr. Logendran opined that plaintiff would have difficulty

"doing tasks at work due to widespread body pain and difficulty attending to work due to panic

attacks and anxiety," and that plaintiff would likely miss four days or more of work per month

due to her fibromyalgia and her generalized anxiety disorder. Tr. 1951. When asked whether

plaintiff's limitations existed since July 2019, plaintiff's alleged onset date, Dr. Logendran answered "unknown." Tr. 1952.

The ALJ found Dr. Logendran's opinion unpersuasive solely because it was contradicted by the doctor's own findings that plaintiff had full muscle strength in all her extremities. Tr. 22. For the reasons explained above, such reasoning is not supported by substantial evidence.

The ALJ found both reviewing agency doctors' opinions persuasive and relied on their opinions in crafting the RFC. The first agency reviewing doctor, Dr. Wiggins, reviewed plaintiff's medical record on June 2, 2020. Tr. 62. His review occurred before any tests were conducted to find the explanation for plaintiff's pain, and well before plaintiff was diagnosed with fibromyalgia. Similarly, the agency's second doctor, Dr. Ballard, reviewed plaintiff's medical file on August 26, 2020. Tr. 78. By this time, multiple sclerosis and carpel tunnel had been ruled out, but there were more tests to be conducted, and his review also occurred before plaintiff's fibromyalgia diagnosis. Because there are no tests to confirm fibromyalgia and it is typically diagnosed only once other causes are ruled out, *see Revels*, 874 F.3d at 656, the ALJ erred in relying solely on the agency doctors' medical opinions where they did not have a chance to review plaintiff's complete medical record, including the fibromyalgia diagnosis.

## III.    Remand for Further Proceedings

When a court determines that the Commissioner's ultimate disability decision includes legal error and/or is unsupported by substantial evidence, the court may affirm, modify, or reverse the decision by the Commissioner "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *Treichler*, 775 F.3d at 1099. Here, the ALJ failed to provide legally sufficient reasons to discredit plaintiff's testimony and that of Dr. Logendran and relied only on medical opinions that did not have the benefit of plaintiff's fibromyalgia diagnosis.

In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all the requirements are met, however, the court may still remand for further proceedings, "when the record as a whole create serious doubt as to whether the claimant is, in fact, disabled." *Id*. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts into serious doubt whether the claimant is disabled under the Act." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (Feb. 5, 2016) (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (quotes omitted).

The first prong of the credit-as-true inquiry is met based on the ALJ's errors listed above. But the second prong of the credit-as-true prong is not met. Here, Dr. Logendran opined that it was "unknown" whether plaintiff's impairments related back to her onset date, and the agency or ALJ may decide to procure a consultative or reviewing medical opinion to review plaintiff's full medical record that contains the fibromyalgia diagnosis. Accordingly, because the record is incomplete, the court does not reach the third prong of the analysis.

/ / /

/ / /

/ / /

/ / /

13 – OPINION AND ORDER

**ORDER**

The Commissioner's decision was not based on substantial evidence or free of harmful legal error. This case is, therefore, REVERSED and REMANDED for further proceedings consistent with this opinion and pursuant to 42 U.S.C. § 405(g).

DATED June 29, 2023.

                                            /s/  Youlee Yim You
                                         Youlee Yim You
                                         United States Magistrate Judge